UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31023
Summary Calendar

_____

JAMES GUILLOTT,

Plaintiff-Appellant,

versus

COMMERCIAL UNDERWRITERS INSURANCE CO.;
LEGION INSURANCE CO.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-730)

_____

March 28, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Concerning his action for damages resulting from the loss of his log skidder due to a fire, James Guillott contests the summary judgment granted Commercial Underwriters Insurance Company and Legion Insurance Company. The district court held: Guillott breached a warranty in the insurance policy issued by Appellees, which required him to clean the engine compartment and belly pans of the skidder daily; and he also breached a condition precedent

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the insured equipment be operated only by Guillott's qualified employees with at least one year of experience in operating such equipment.

Guillott contends summary judgment was inappropriate because: the warranty provision is vague and ambiguous; and there is *no* evidence that the breach of the condition precedent increased the risk of loss. No authority need be cited for the well-established rules for reviewing a summary judgment awarded under Federal Rule of Civil Procedure 56. We review *de novo*, applying the same test as did the district court. The summary judgment record is viewed in the light most favorable to the nonmovant, with all inferences made in his favor; and the judgment is proper if: there are *no* genuine issues of material fact; *and* the movant is entitled to a judgment as a matter of law.

Having so reviewed the summary judgment record, including in the light most favorable to Guillott, we conclude that summary judgment was proper, essentially for the reasons stated in the district court's comprehensive and well-reasoned opinion. *See Guillott v. Commercial Underwriter's Ins. Co. and/or Legion Ins. Co.*, No. 99-0730 (W.D. La. 19 July 2000) (unpublished).

*AFFIRMED*